IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Titus E. Smith, ) | C/A No. 0:11-2212-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| M. Penza, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    The plaintiff, Titus E. Smith ("Smith"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Smith of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 32.) Smith filed a response in opposition. (ECF No. 35.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

### BACKGROUND

    Smith appears to allege that on May 6, 2009, he was falsely imprisoned when Defendant Penza arrested him and charged him with malicious injury to personal property. Smith states that on August 10, 2010, he was found not guilty of the crime for which he was charged. Smith contends that Defendant Penza violated his equal protection rights pursuant to the Fourteenth Amendment of the United States Constitution.

The following additional facts, which are either undisputed or are taken in the light most favorable to Smith, shed additional light in resolving this motion. On May 6, 2009, Penza was dispatched to a residence in Fort Mill, South Carolina in reference to alleged damage to property. Penza spoke with the victim, Aquanta Robinson, who stated that Smith had bleached her clothes in anger. Specifically, Robinson stated that she left her residence that morning to take her sister to school, while Smith remained at the residence. Smith later telephoned Robinson to yell at her about finding a telephone number in a pocket of her clothing. Smith expressed to Robinson that he was going to bleach her clothes. Robinson also informed Penza that Smith had expressed his intent to bleach her clothing to one of Robinson's friends, Tamika Starnes, and provided Penza with Starnes's contact information. Starnes indicated to Penza that when she telephoned Robinson's residence, Smith answered the telephone and was upset with Robinson, remarking that he intended to bleach Robinson's clothes. Starnes then telephoned Robinson and, after relaying Smith's threats, Starnes and Robinson traveled to Robinson's residence together and discovered Robinson's clothes in the master bathtub filled with water and bleach.

Additionally, Penza observed at Robinson's residence that her master bathtub was filled with water and bleach and contained clothing, which Robinson indicated had a replacement cost of approximately $2,000. Penza also observed a empty, crushed bleach bottle in the bathroom, which Robinson indicated was new and should not be empty. Upon processing the bleach bottle, Penza recovered latent prints from it.

After unsuccessfully attempting to contact Smith, Penza appeared before a local magistrate and sought a warrant for malicious injury to personal property ($1,000 to 5,000 injury value). The magistrate found probable cause existed and issued the warrant. Thereafter, Smith was arrested. On

Page 2 of 8

PJG

August 16, 2010, Smith was found not guilty by a jury following a trial in York County Magistrate Court where evidence was presented that there was a positive finding that the latent prints on the bleach bottle belonged to Smith.

## DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

PJG

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Smith's Claims**

As an initial matter, Smith unequivocally states in his response in opposition to the defendant's motion for summary judgment that he is "not saying that the Defendant, M. Penza, committed a 4th Amendment Violation, as it relates to Probable Cause to arrest." (ECF No. 35 at 2) (emphasis in original). Smith appears to allege that his constitutional rights were violated based on the fact that he was detained pending trial and the jury ultimately found him not guilty as charged.[1] Essentially, Smith appears to be challenging the constitutionality of his detention pending trial. Whether Smith's claim is characterized as false arrest, false imprisonment, or malicious

---

[1] Smith repeatedly argues that he was denied his right to equal protection pursuant to the Fourteenth Amendment because Defendant Penza discriminated against him. However, Smith provides no further allegations or support for this claim. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Smith has failed to allege that he was treated differently from others with whom he was similarly situated; therefore, the court finds that Smith has failed to plausibly allege an equal protection claim.

PJG

prosecution,[2] to prevail he must establish that he was unreasonably seized in violation of the Fourth Amendment. All of these claims require a plaintiff to show that the seizure was effected without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest or malicious prosecution unless the officer lacked probable cause. See Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005); Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest/imprisonment under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Therefore, to demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted).

Here, Smith was arrested pursuant to a facially valid warrant. Moreover, Penza relied on statements from a victim and a witness as well as his own observations that supported the averments in his affidavit. Based on these statements, Penza had grounds to reasonably believe that Smith had

---

[2] The court observes that "[w]hile it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009) (citations omitted); see also Wallace v. Kato, 549 U.S. 384, 390 n.2 (2007) (noting that the United States Supreme Court has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983") (citing Albright v. Oliver, 510 U.S. 266, 270-71 (1994)).

committed the crime alleged.³ (See Penza Aff. ¶ 18, ECF No. 31-2 at 3) ("Based on my professional training and experience, I found both Robinson and Starnes to be credible witnesses and the physical evidence located at Robinson's residence was consistent with their respective accounts."); Beauchamp v. City of Noblesville, Indiana, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); United States v. Beckham, 325 F. Supp. 2d 678, 687 & n.16 (E.D. Va. 2004) (collecting cases). Accordingly, although Smith was ultimately found not guilty as charged, based on the record before the court and the totality of the circumstances, no reasonable jury could find that Smith's arrest and subsequent seizure was made without probable cause.

**C.     Other Allegations**

To the extent that Smith's Complaint may be construed to allege any other causes of action, the court finds that Smith has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

---

³ Section 16-11-510(A) of the South Carolina Code, in classifying "malicious injury to animals and other personal property," provides that "[i]t is unlawful for a person to wilfully and maliciously cut, shoot, maim, wound, or otherwise injure or destroy any horse, mule, cattle, hog, sheep, goat, or any other kind, class, article, or description of personal property, or the goods and chattels of another."

*PJG*

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment be granted. (ECF No. 31.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 14, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).