IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Titus E. Smith, ) | |
| ) | C/A No. 0:11-2212-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| M. Penza, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

  Plaintiff Titus E. Smith, proceeding pro se, filed a complaint on August 19, 2011, alleging that Defendant M. Penza arrested him on May 6, 2009 for malicious injury to property. Plaintiff alleges violations of his constitutional rights based on the facts that Plaintiff was detained and subsequently found not guilty by a jury.[1] Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

  This matter is before the court on motion for summary judgment filed by Defendant on February 6, 2012. By order filed February 7, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on February 22, 2012. On August 14, 2012, the Magistrate Judge issued a Report and Recommendation in which she determined that, to prevail, Plaintiff must show that he was seized without probable cause, in violation of the Fourth Amendment. The Magistrate Judge concluded that, based on the facts in the record, no reasonable jury could find that Plaintiff's arrest

---

[1] Plaintiff currently is in custody of the South Carolina Department of Corrections on what appear to be unrelated drug charges.

and subsequent detention were made without probable cause. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Despite being granted an extension of time, Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (ECF No. 31) is **granted** and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

September 26, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**